IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| HONG KONG RYOSAN LIMITED,<br><br>    Plaintiff,<br><br>v.<br><br>DIGITAL CONCEPTS OF<br>MISSOURI, INC.,<br><br>    Defendant. | Case No. 24-368 |

**COMPLAINT**

Plaintiff, Hong Kong Ryosan Limited ("Ryosan"), files this Complaint against Defendant, Digital Concepts of Missouri, Inc. ("DCM"), and in support thereof, states as follows:

**INTRODUCTION**

1. This is a breach of contract case in which Ryosan asserts claims to recover amounts owed for hundreds of thousands of dollars of electronic goods it custom-manufactured and/or delivered to DCM. This action is necessary because repeated amicable efforts to remediate DCM's failure to pay for these goods have been met with delays and obfuscation.

2. Ryosan is a leading supplier of electronic goods, including custom LCD screens and related components designed to comply with precise hardware and software specifications of high-end electronically connected exercise bikes and other custom equipment. DCM purchases these screens and related hardware and software components from suppliers according to its own custom specifications written on its own purchase orders, and then assembles the bikes for sale to its own customers.

3. From March 25, 2021 through May 4, 2022, DCM purchased thousands of LCD screens from Ryosan that Ryosan designed to DCM's exact specifications such that the screens

would fit precisely within the exercise bikes and other equipment DCM was assembling. Of these orders, Ryosan has custom-manufactured and delivered $116,815.20 worth of the products, and has custom-manufactured and is currently storing, at its expense, an additional $488,999.50 worth of these products. To date, DCM has not paid for any of these products.

4. DCM's actions constitute a breach of the relevant contracts, a violation of the Uniform Commercial Code as adopted by Missouri, and a violation of state and federal common law. As a result of DCM's actions and its ongoing refusal to pay for custom-manufactured products in its possession and additional custom-manufactured products it ordered but of which it has refused to accept delivery, Ryosan now brings this lawsuit against DCM to pay for the products it purchased.

## PARTIES

5. Hong Kong Ryosan Limited is a limited company formed and existing under the laws of Hong Kong, and its principal place of business is located at Telford House, 16 Wang Hoi Road, Kowloon Bay, Kowloon, Hong Kong.

6. Digital Concepts of Missouri, Inc. is a Missouri corporation, and its principal place of business is located at 10932 Strang Line Road, Lenexa, Kansas 66215-2322.

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over DCM because DCM is a Missouri corporation, DCM maintains an office and regularly conducts business within this judicial district, and the transactions out of which Ryosan's claims arise originated at DCM's office in this judicial district located at 3108 Riverport Tech Center Drive, Maryland Heights, St. Louis County, Missouri 63043.

8. This Court has subject matter jurisdiction over the claims pursuant to 28 U.S.C. § 1332 because this case involves claims in excess of $75,000 and is between citizens of different

jurisdictions, specifically between a citizen of Hong Kong and a citizen of Missouri and Kansas. The United States Court of Appeals for the Eighth Circuit has held that "a Hong Kong limited company is equivalent to a U.S. corporation under § 1332." *Jet Midwest Int'l Co., Ltd v. Jet Midwest Grp., LLC*, 932 F.3d 1102, 1105 (8th Cir. 2019) (adopting the Seventh Circuit's analysis regarding Hong Kong limited companies and holding that a Hong Kong limited company is equivalent to a U.S. corporation for purposes of 28 U.S.C. § 1332); *see also Superl Sequoia Ltd. v. Carlson Co.*, 615 F.3d 831, 832 (7th Cir. 2010); *see also Flextronics Int'l USA, Inc. v. Sparkling Drink Sys. Innovation Ctr. Ltd*, 186 F. Supp. 3d 852, 861 (N.D. Ill. 2016). (concluding that Hong Kong limited companies should be treated as corporations under § 1332).

9.     Venue is proper in this judicial district because a substantial part of the events giving rise to the claims occurred within this judicial district.

## EVENTS GIVING RISE TO THIS ACTION

### *DCM orders hundreds of thousands of dollars of custom electronic products from Ryosan.*

10.     On March 25, 2021, DCM issued to Ryosan Purchase Order ("PO") 37454, pursuant to which DCM ordered numerous LCD screens and related components for $590,443.20. *See* Ex. 1. In reliance on this PO and in accordance with the precise measurements and instructions contained therein, Ryosan custom-manufactured numerous goods amounting to $8,527.70 and has same ready for immediate delivery to DCM. *See* Ex. 6.

11.     On December 1, 2021, DCM issued to Ryosan PO 40677, pursuant to which DCM ordered numerous LCD screens and related components for $619,857.00. *See* Ex. 2. In reliance on this PO and in accordance with the precise measurements and instructions contained therein, Ryosan custom-manufactured good amounting to $106,315.20 and caused the delivery of same to DCM's designated receiver on October 21, 2022. *See* Ex. 2. Further, in reliance on

this PO and in accordance with the precise measurements and instructions contained therein, Ryosan custom-manufactured numerous goods amounting to $477,631.80 and has same ready for immediate delivery to DCM. *See* Ex. 6.

12. On February 28, 2022, DCM issued to Ryosan PO 41472, pursuant to which DCM ordered numerous LCD screens and related components for $13,132.80. *See* Ex. 3. In reliance on this PO and in accordance with the precise measurements and instructions contained therein, Ryosan custom-manufactured numerous goods amounting to $2,840.00 and has same ready for immediate delivery to DCM. *See* Ex. 6.

13. On May 4, 2022, DCM issued to Ryosan PO 41994, pursuant to which DCM ordered numerous LCD screens for $10,500.00. *See* Ex. 4. In reliance on this PO and in accordance with the precise measurements and instructions contained therein, Ryosan custom-manufactured all of the requested products in the PO, totaling $10,500.00, and caused the delivery of same to DCM's designated receiver on June 22, 2022. *See* Ex. 4.

14. Thus, in response to DCM's own Purchase Orders 40677 and 41994, Ryosan collectively custom-manufactured and delivered to DCM goods for the price of $116,815.20. Moreover, in response to Purchase Orders 37454, 40677, and 41472, Ryosan collectively custom-manufactured for DCM goods for the price of $488,999.50, which goods are ready for immediate shipment. To date, DCM has failed to pay Ryosan the total amount owed of $605,814.70 for the manufacture, assembly, and/or delivery of the ordered custom goods.

15. For the convenience of this Honorable Court, Ryosan provides the following summary chart of amounts owed:

**Amounts Owed by DCM to Ryosan Based on DCM's Own Purchase Orders**

| DCM PO Date | DCM PO Number | DCM PO Amount | Amount Manufactured by Ryosan and Delivered to DCM | Amount Manufactured by Ryosan and Ready for Immediate Delivery |
|---|---|---|---|---|
| 2021.03.25 | 37454 | $ 590,443.20 | - | $ 8,527.70 |
| 2021.12.01 | 40677 | $ 619,857.00 | $ 106,315.20 | $ 477,631.80 |
| 2022.02.28 | 41472 | $ 13,132.80 | - | $ 2,840.00 |
| 2022.05.04 | 41994 | $ 10,500.00 | $ 10,500.00 | - |
| | | | | |
| | Subtotals: | $ 1,233,933.00 | $ 116,815.20 | $ 488,999.50 |
| | **Total Due:** | | | **$ 605,814.70** |

16. As of June 22, 2022, Ryosan had completed manufacturing, assembling, and delivering all goods identified in PO 41994, which amount to $10,500.00. Further, as of October 21, 2022, Ryosan had completed manufacturing, assembling, and delivering goods amounting to $106,315.20 identified in PO 40677.

17. As of July 20, 2022, Ryosan had also completed manufacturing and assembling goods collectively amounting to $488,999.50 identified in PO 37454, 40677, and 41472. Significantly, it was reasonably foreseeable by DCM, a sophisticated technology company, that Ryosan would have completed the manufacture and assembly of certain custom-manufactured goods, purchased by DCM on March 25, 2021 (PO 37454), December 1, 2021 (PO 40677), and February 28, 2022 (PO 41472), well before July 20, 2022. *See* Exhibits 1-3.

18. DCM is currently in possession of $116,815.20 worth of the goods it ordered, but for which it has not paid. DCM also owes Ryosan an additional $488,999.50 for goods, which were assembled and custom-manufactured by July 20, 2022 and which are ready for immediate

shipment to DCM. Significantly, all goods manufactured and/or assembled by Ryosan, in response to DCM's own Purchase Orders, were specifically manufactured and/or assembled to operate together with DCM's own products, and as such, cannot be sold to Ryosan's other customers. *See* Exhibits 5-6. Specifically, Ryosan is unable after reasonable effort to resell them at a reasonable price, and the goods' custom nature shows that further efforts will be unavailing.

19. Ryosan has sustained damages because DCM has failed to pay for all of the goods it ordered under its own POs identified above. DCM has caused and is continuing to cause significant harm to Ryosan, including but not limited to storage costs related to the undelivered custom-manufactured goods, attorneys' fees, and other costs arising out of DCM's failure to pay.

## COUNTS I - IV
## BREACH OF CONTRACT
## UNDER MISSOURI REVISED STATUTE 400.1-101, *ET SEQ.*

20. Ryosan hereby repeats, realleges, and incorporates by reference the allegations which are contained in Paragraphs 1 – 19.

21. Ryosan asserts four breach of contract claims under the Uniform Commercial Code ("UCC") as adopted by Missouri Revised Statute § 400.1-101, *et seq.* based on DCM's breaches of Purchase Order 37454 (Count I), Purchase Order 40677 and its related invoice (Count II), Purchase Order 41472 (Count III), and Purchase Order 41994 and its related invoice (Count IV). The UCC applies because all four contracts are based on the sale of goods. The Purchase Orders contain specific quantities, prices, measurements, and instructions, were prepared and sent by DCM to Ryosan, and were accepted and stamped by Ryosan. All four contracts are valid and enforceable. *See* Exhibits 1-4.

22. Based on DCM's purchase of thousands of LCD screens and related goods through its own Purchase Orders, Ryosan performed under the contracts by manufacturing,

6

assembling, and/or delivering the requested goods to DCM. DCM failed to perform under the contracts by not paying all amounts due for the goods.

23. Further, DCM failed to pay for the goods Ryosan custom-manufactured, custom-assembled, and delivered, in response to Purchase Orders 40677 and 41994, by the payment deadline of thirty days after Ryosan's delivery of such goods to DCM's designated agent. Ryosan has sustained damages and now seeks recovery of the price of the goods accepted by DCM, which is $116,815.20. Ryosan also seeks incidental damages, including but not limited to all commercially reasonable charges and expenses resulting from DCM's failure to pay.

24. To date, DCM has also failed to pay for the goods Ryosan custom-manufactured and custom-assembled, in response to Purchase Orders 37454, 40677, and 41472, within a commercially reasonable time of the date DCM became aware that Ryosan had custom-manufactured and/or custom assembled such goods. As Ryosan has been unable after a reasonable effort to resell these custom goods at a reasonable price, and due to their custom nature, it has sustained damages and additionally seeks recovery of the price of such goods, which is $488,999.50. Ryosan is unable after reasonable effort to resell them at a reasonable price, and the goods' custom nature shows that further efforts will be unavailing.

25. Ryosan also seeks incidental damages, including but not limited to all commercially reasonable charges and expenses incurred in stopping delivery, ongoing care and storage of such products, contacting other potential buyers, and otherwise resulting from DCM's failure to pay. In addition, Ryosan seeks actual, incidental, compensatory, consequential, and interest damages in an amount to be determined at trial. Ryosan also seeks its reasonable attorneys' fees, court costs, and all expenses related to this lawsuit.

## COUNTS V-VIII
## ACTION ON ACCOUNT

26. Ryosan hereby repeats, realleges, and incorporates by reference the allegations which are contained in Paragraphs 1 – 19.

27. Alternatively and additionally, Ryosan asserts action on account claims against DCM to recover all amounts due under Purchase Order 37454 (Count V), Purchase Order 40677 and its related invoice (Count VI), Purchase Order 41472 (Count VII), and Purchase Order 41994 and its related invoice (Count VIII).

28. DCM requested that Ryosan furnish certain goods by sending the Purchase Orders to Ryosan. The Purchase Orders contain specific quantities, prices, measurements, and instructions, were prepared and sent by DCM to Ryosan, and were accepted by Ryosan. *See* Exhibits 1-4.

29. Ryosan accepted DCM's offer by furnishing such goods. Moreover, the charges in all of the Purchase Orders are reasonable and were contained in DCM's own Purchase Orders.

30. Ryosan furnished certain goods in response to the Purchase Orders by delivering such goods in the amount of $116,815.20. Ryosan furnished certain other goods in response to the Purchase Orders by manufacturing and/or assembling such goods in the amount of $488,999.50.

31. Ryosan also seeks incidental damages, including but not limited to all commercially reasonable charges and expenses incurred in stopping delivery, ongoing care and storage of such products, contacting other potential buyers, and otherwise resulting from DCM's failure to pay. Additionally, Ryosan seeks actual, incidental, compensatory, consequential, and interest damages in an amount to be determined at trial. Ryosan also seeks its reasonable attorneys' fees, court costs, and all expenses related to this lawsuit.

## COUNTS IX - XII
## PROMISSORY ESTOPPEL

32. Ryosan hereby repeats, realleges, and incorporates by reference the allegations which are contained in Paragraphs 1 – 19.

33. Alternatively and additionally, Ryosan asserts four promissory estoppel claims based on Purchase Order 37454 (Count IX), Purchase Order 40677 and its related invoice (Count X), Purchase Order 41472 (Count XI), and Purchase Order 41994 and its related invoice (Count XII). By sending all four Purchase Orders to Ryosan, DCM promised to perform by paying Ryosan for the goods it ordered. *See* Exhibits 1-4.

34. Ryosan acted in reliance, to its detriment, on DCM's Purchase Orders.

35. DCM, a sophisticated technology company, should have foreseen that Ryosan would act in detrimental reliance. Further, an injustice can only be avoided by enforcement of DCM's promise to pay the amounts identified in the Purchase Orders for the goods manufactured by Ryosan.

36. Ryosan also seeks incidental damages, including but not limited to all commercially reasonable charges and expenses incurred in stopping delivery, ongoing care and storage of such products, contacting other potential buyers, and otherwise resulting from DCM's failure to pay. Additionally, Ryosan seeks actual, incidental, compensatory, consequential, and interest damages in an amount to be determined at trial. Ryosan also seeks its reasonable attorneys' fees, court costs, and all expenses related to this lawsuit.

## PRAYER

WHEREFORE, Plaintiff Hong Kong Ryosan Limited seeks judgment in its favor and an Order against Defendant Digital Concepts of Missouri, Inc. that grants the following relief:

A. Awards Ryosan damages of $116,815.20 for the goods it custom-manufactured and delivered to DCM;

B. Awards Ryosan damages of $488,999.50 for the goods it custom-manufactured, did not deliver to DCM based on DCM's failure to pay all amounts due, and is unable to resell at a reasonable price due to the goods' custom nature;

C. Awards Ryosan actual, incidental, compensatory, and consequential damages to be proven at trial;

D. Awards Ryosan its reasonable attorneys' fees and costs in bringing this lawsuit; and

E. Awards Ryosan such further relief as the Court deems necessary and just.

Dated: March 11, 2024                                                  Respectfully submitted,

**HONG KONG RYOSAN LIMITED**

By: */s/ Adam R. Young*
       One of Its Attorneys

**S**EYFARTH **S**HAW **LLP**

Adam R. Young
MO Bar No. 63630
ayoung@seyfarth.com
233 S. Wacker Dr., Ste. 8000
Chicago, IL 60606
Telephone: 312-460-5000
Facsimile: 312-460-7000

*Attorney for Plaintiff*